IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLYMPUS AMERICA INC., | : | |
| | : | No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EAST BRUNSWICK IMAGING ASSOCIATES | : | |
| LLC, ENDO/SURGICAL CENTER OF NORTH | : | |
| JERSEY, P.C., MICHAEL ANGELO AND | : | |
| WILLIAM J. FOCAZIO, M.D., | : | |
| | : | |
| Defendants. | : | |

## **COMPLAINT**

Plaintiff, Olympus America Inc. ("Olympus"), by and through its undersigned legal counsel, Norris, McLaughlin & Marcus, P.A., sets forth the within Complaint, and in support thereof, avers the following:

### **The Parties**

1.      Olympus is a corporation duly authorized and existing under the laws of the State of New York with a principal place of business located at 3500 Corporate Parkway, Center Valley, Lehigh County, Pennsylvania 18034.

2.      Defendant, East Brunswick Imaging Associates LLC ("East Brunswick"), is a New Jersey limited liability company with a principal place of business located at 647 Route 18, East Brunswick, New Jersey 08816.  All members of East Brunswick are citizens of the State of New Jersey.

3.      Defendant, Endo/Surgical Center of North Jersey, P.C. ("Endo/Surgical") is a New Jersey professional corporation with a principal place of business located at 999 Clifton Avenue, Clifton, New Jersey 07013.

4.      Defendant, Michael Angelo ("Angelo") is an adult individual and citizen of the State of New Jersey with an address of 15 Far Hills Road, Springfield, New Jersey 07081.

5.      Defendant, William J. Focazio, M.D. ("Focazio") is an adult individual and citizen of the State of Jersey with an address of 66 Westview Road, Wayne, New Jersey 07470.

6.      This is an action based on the Defendants' failures to pay amounts due and owing under the following agreements:  1) Loan Agreement; 2) Note; 3) Security Agreement; 4) Subordination Agreement; and 5) three Guarantees.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.      Venue is proper in this Court by virtue of, and in accordance with, the provisions of 28 U.S.C. § 1391.

## BACKGROUND

### *The Loan Agreement*

9.       On or about July 13, 2011, East Brunswick entered into an agreement for a loan from Olympus in order to make leasehold improvements to space located at 647 Route 18, East Brunswick, New Jersey 08816 (the "Premises"), to acquire fixtures and equipment to be installed in the Premises, and to operate the Premises as a medical facility.  A true and correct copy of the Loan Agreement (hereinafter "Agreement") is attached hereto as **Exhibit "A."**

10.     Section 12(g) of the Agreement states that the Agreement "shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania applicable to contracts entered into and to be performed wholly within such State."

11.     In addition, Section 8(a) of the Agreement contains a binding forum selection clause as follows:

> In connection with any dispute which may arise under this Agreement, any other Loan Document, or any other agreement between Borrower and/or Guarantor and Lender or any amendment of, or supplement to, any of them, Borrower hereby irrevocably submits to, consents to, and waives any objection to, the exclusive jurisdiction of the courts of the Commonwealth of Pennsylvania located in the County of Lehigh, or the United States District Court for the Eastern District of Pennsylvania, or, at Lender's option, the courts of any jurisdiction in which Borrower or any of its assets may be located, and waives any objection to the laying of venue in such a court.

12.     Per the Agreement, Olympus agreed to loan East Brunswick the principal sum of Eight Hundred Fifty-four Thousand Five Hundred Fifty Dollars ($854,550.00) on or about July 13, 2011, and continuing through November 1, 2011 (the "loan").  Agreement §§ 1(l), 2(a).

13.     The aforementioned amount was evidenced by a note (the "Note").  A true and correct copy of the Note is attached hereto as **Exhibit "B."**

14.     The amount of Eight Hundred Fifty-four Thousand Five Hundred Fifty Dollars ($854,550.00) was provided to East Brunswick per the Agreement.

15.     Failure by East Brunswick to pay when due any amount required to be paid under the Agreement or required to be paid under any of the "Loan Documents,"  defined as the Agreement, the Note, the Security Agreement, the Guaranties and all other documents evidencing, securing and/or otherwise relating to the loan, is an Event of Default.  Agreement §§ 1(m), 6(a).

16.     In the event of default, Olympus may:

> declare the entire then-outstanding balance of the Note, together with all other sums then due to Lender by Borrower, to be immediately due and payable, whereupon the Note shall become forthwith, due and payable without presentment, demand protest or further notice of any kind.  In addition, Lender shall be entitled to proceed simultaneously, or selectively and successively, to enforce its rights and remedies under the Note, the Security Agreement, the Guaranties any other Loan Document and/or this Agreement, and to exercise any or all other rights and remedies available to Lender at law or in equity.

Agreement § 7(a)(ii).

17.     In addition, the Agreement requires that East Brunswick reimburse Olympus upon request for any out-of-pocket expenses, including reasonable fees and disbursements of legal counsel, incurred in connection with the enforcement, *inter alia*, of the Agreement. Agreement § 8(d).

18.     The Agreement declares that all of Olympus' rights and remedies in the event of default shall be cumulative.  Agreement § 7(e).

19.     Prior to exercising any right or remedy under Section 7 of the Agreement, Olympus must provide East Brunswick with written notice that sets forth (1) the event or events giving rise to default and (2) that Olympus intends to exercise its rights.  Agreement § 7(e).

20.     On or about July 23, 2013, a notice of default was sent to East Brunswick.  A true and correct copy of same is attached hereto as **Exhibit "C."**  Olympus sent demand letters to East Brunswick, Endo/Surgical, Angelo and Focazio on or about August 22, 2013. True and correct copies of these demand letters are attached hereto as **Exhibits "D-G."**

### *The Note*

21.     The Note applies to the repayment promise made to Olympus in

4

return for the loan to East Brunswick.  *See* Exhibit B.

22.     The Note requires that on November 1, 2011 ("Note Repayment

Commencement Date"), East Brunswick begin paying back the loan to Olympus plus

all accrued interest due and owing.  Note §§ 2.1, 2.2.

23.     Section 10.11 of the Note contains a forum selection clause binding

East Brunswick to the jurisdiction of any court within Lehigh County in the Commonwealth

of Pennsylvania or in the United States District Court for the Eastern District of

Pennsylvania by service of process on any such owner, member, manager, partner, director

and/or officer.

24.     Section 10.13 of the Note states that the Note shall be governed by

and construed in accordance with the substantive laws of the Commonwealth of

Pennsylvania without reference to conflict of law principles.

25.     A failure to make a timely loan payment to Olympus is an Event of

Default.  Note § 6.

26.     In the Event of Default, Olympus:

> may exercise any right, power or remedy permitted by law or as set forth
> herein or in the Agreement, the Security Agreement or any of the other Loan
> Documents including, without limitation, the right to declare the entire
> unpaid principal amount hereof and all interest accrued hereon, and all other
> sums secured by the Security Agreement or any of the other Loan Documents
> to be, and such principal, interest and other sums shall thereupon become,
> forthwith due and payable.

Note § 7.

27.     The Note also states that "[i]n the event that any principal or interest

required to be made by the undersigned under this Note shall not be received by Lender

within ten (10) days of the due date, the undersigned shall pay to Lender, on demand, a late

charge of five percent (5%) of such delinquent payment for the purpose of defraying the expense incident to the processing of such delinquent payment."  Note § 5.2.

28.      The Note also requires that all amounts demanded but not paid within (10) days of the due date shall bear interest at a default rate of six percent (6%) per annum above the interest rate then in effect.  Note § 5.3.

29.      The Note requires that East Brunswick reimburse Olympus for all costs of suit and all reasonable attorneys' fees (and/or allocated fees of Olympus's in-house legal counsel) and such other reasonable expenses incurred by reason of a claim or an Event of Default.  Note § 10.3.

### The Security Agreement

30.      As a condition of the Agreement and as security thereto, and as security to the Note, East Brunswick pledged a first priority security interest under the Uniform Commercial Code ("UCC"), in and to all of East Brunswick's right, title and interest in and to the items as identified in Section 2 ("Collateral") of the Security Agreement dated July 13, 2011.  A true and correct copy of the Security Agreement is attached hereto as **Exhibit "H."**

31.      Accordingly, UCC Financing Statements identifying all secured Collateral were filed with the State of New Jersey on or about October 12, 2011 and October 13, 2011. True and correct copies of the UCC Financing Statements are attached hereto as **Exhibit "I."**

32.      Section 8 of the Security Agreement provides, *inter alia,* that East Brunswick irrevocably consents to personal jurisdiction and venue in any court of Lehigh County in the Commonwealth of Pennsylvania or any federal court sitting in the Eastern District of Pennsylvania, and waives any claim it may have that such court is an inconvenient forum for the purposes of any suit, action or other proceeding arising out the agreement.

33.     Section 10 of the Security Agreement provides that the rights and obligations of the parties hereto shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania.

34.     An Event of Default includes the failure of East Brunswick to pay any payment obligation to Olympus within ten (10) days of the applicable due date under the Security Agreement.  Security Agreement § 5(a).

35.     An Event of Default also consists of a default under or breach by East Brunswick of any other agreement with Olympus, including all the agreements and notes identified herein.  Security Agreement § 5(g).

36.     Upon the occurrence of an Event of Default, Olympus may declare any or all of the Secured Obligations, as defined in the Security Agreement, to be immediately due and payable, without demand or notice to East Brunswick or any guarantor of any obligations of East Brunswick.  Security Agreement §§ 1, 6.

37.     Under the Security Agreement, Secured Obligations include all indebtedness, obligations and liabilities of East Brunswick to Olympus, including all indebtedness and obligations arising from (a) the Security Agreement, (b) the Agreement, the Note, as defined herein, and/or (c) the sale or lease of goods, chattels, property and/or the provision of services by Olympus to East Brunswick, and all extensions and renewals thereof, whether such indebtedness, obligations or liabilities are direct or indirect, otherwise secured or unsecured, joint and several, absolute or contingent, due or to become due, whether for payment or performance and whether or now existing or hereafter arising.  Security Agreement § 1.

38.     In addition, upon default, Olympus:

> shall have all of the rights and remedies of a Secured Party under the UCC, or under any other applicable law, including without limitation the right to (i) notify any account debtor of Debtor or any obligor on any obligation or any instrument which constitutes part of the Collateral to make payment to the Secured Party, (ii) with or without legal process and with seventy-two (72) hours prior written notice, enter any premises where the Collateral may be and take possession and/or remove said Collateral from said premises, (iii) sell the Collateral at public or private sale, in whole or in part, and have the right to bid and purchase at said sale, (iv) lease or otherwise dispose of all or part of the collateral, applying proceeds therefrom to the obligations then in default.  Proceeds from any sale or lease or other disposition shall be applied first to all costs of repossession, storage, and disposition including without limitation attorneys', appraisers', auctioneers' fees, second to discharge the obligations then in default, third to discharge any other Indebtedness of Debtor to Secured Party, whether as obligor, endorser, guarantor, surety or indemnitor, fourth to expenses incurred in paying or settling liens and claims against the Collateral, fifth to Debtor, if there exists any surplus.

Security Agreement § 6.

39.     Furthermore, in any Event of Default, Section 4(j) of the Security Agreement provides:

> Debtor [East Brunswick] shall promptly upon demand by Secured Party [Olympus] assemble the Collateral and make it available to Secured Party at the place or places to be designated by Secured Party.  The right of Secured Party to have the Collateral assembled and made available to it is of the essence of this Agreement and Secured Party may, at its election, enforce such right by an action for specific performance.

40.     The Security Agreement requires that East Brunswick indemnify Olympus against any and all losses, claims, damages, liabilities, expenses (including reasonable attorneys' fees) and suits arising from or related to Section 4(j).  Security Agreement § 4(l).

### *The Guaranties*

41.     In support of all of the aforementioned agreements and notes, certain parties entered into binding Guaranties with Olympus and for the benefit of East Brunswick.

42.     Such a Guaranty was executed by Endo/Surgical on or about September 20,

2011.  A true and correct copy of the Endo/Surgical Guaranty is attached hereto as **Exhibit**

**"J."**

43.     Section 11 of the Endo/Surgical Guaranty contains a valid and binding choice

of law and forum selection clause as follows:

> This Guaranty is deemed to have been made in Pennsylvania, shall be
> governed by and construed according to the laws of the Commonwealth of
> Pennsylvania (without regard to conflict of laws rules), shall be binding upon
> the heirs, executors, administrators, successors, and assigns of Guarantor,
> and shall inure to the benefit of Secured Party [Olympus], its successors and
> assigns.  All controversies, disputes and claims arising out of or relating to
> this transaction, or breach or threatened breach of this Guaranty, shall be
> adjudicated exclusively by a court of competent jurisdiction within the
> County of Lehigh, Commonwealth of Pennsylvania or the Federal District
> Court in the Eastern District of Pennsylvania, except that any judgment
> decree or order obtained in such action may be enforced in any other
> jurisdiction by suit or in any other permitted manner.

44.     Section 2 of the Endo/Surgical Guaranty states that Endo/Surgical

unconditionally guarantees and promises to Olympus the prompt and complete payment of

all sums payable by East Brunswick under the Agreement, the Note, and the Security

Agreement (including without limitation Olympus' costs and expenses of collection of

same).

45.     Section 2 of the Endo/Surgical Guaranty also states that Endo/Surgical

guarantees payment of all costs and expenses (including but not limited to legal fees)

incurred in enforcing the Endo/Surgical Guaranty.

46.     A nearly identical Guaranty was executed by Defendant Michael Angelo on or

about September 20, 2011.  A true and correct copy of his Personal Guaranty (the "Angelo

Guaranty") is attached hereto as **Exhibit "K."**

47.      The same terms and conditions identified in the Endo/Surgical

Guaranty above are restated in the Angelo Guaranty.

48.     Similarly, a nearly identical Guaranty was executed by Defendant William J. Focazio, M.D. on or about September 20, 2011.  A true and correct copy of his Personal Guaranty (the "Focazio Guaranty") is attached hereto as **Exhibit "L."**

49.     The same terms and conditions identified in the Endo/Surgical Guaranty above are restated in the Focazio Guaranty.

### *The Subordination Agreement*

50.     In conjunction with all of the aforementioned notes and agreements, Defendants East Brunswick, Focazio and Angelo executed a Subordination Agreement.   A true and correct copy of the Subordination Agreement is attached hereto as **Exhibit "M."**

51.     The Subordination Agreement contains a valid and binding choice of law and forum selection clause as follows:

> The Subordination Agreement will be governed by the laws of the State of Pennsylvania. Each Owner and Borrower consents to the exclusive jurisdiction of any State or Federal court of competent jurisdiction in Pennsylvania for the adjudication of any claim, case or controversy arising out of the Subordination Agreement, and each owner and borrower hereby expressly waives the right to a trial by jury.

Subordination Agreement at 2.

52.     The Subordination Agreement is part and parcel of the same transaction as the Agreement, the Note, the Security Agreement, and the Guaranties.

53.     The Subordination Agreement defines "Lender" as Olympus, "Borrower" as East Brunswick, and "Owner(s)" as Focazio and Angelo.  Subordination Agreement at 1.

54.     In an Event of Default under the Agreement, the Subordination

Agreement states as follows:

> (1) Borrower will not make and an Owner will neither receive, accept, nor obtain the benefit of, any Distribution; (2) an Owner may not assert, collect, or enforce the payment of any indebtedness, including any Distribution, claimed to be due by Borrower to such Owner; (3) each Owner's several right to receive or to be paid any Distribution is deferred and subordinated in favor of any claim or amount due from Borrower to Lender under the Loan; (4) Borrower acknowledges and agrees that each of its Owners, investors and any other parties which have received a Distribution within Twelve (12) months of the occurrence of an Event of Default, will reimburse all such Distributions to the Borrower to enable it to meet its obligations under the Loan; and (5) Owner grants Lender a first priority security interest in any distribution claimed to be due to such Owner by Borrower, as security for the payment in full of any amounts due to Lender by Borrower under the Loan. Any Distribution referred to in the foregoing clauses (1), (2), (3), or (4) is referred to as an "Owner Liability Amount."

Subordination Agreement at 1.

55. The term "Distribution" is defined as follows:

> [A]ny payment, promise, obligation, credit, or undertaking, made by Borrower to or on behalf of, or incurred in favor or on behalf of, an Owner or an Owner's affiliate (if Owner is a corporation) or Owner's spouse or other relative (if Owner is an individual), and includes but is not limited to the following:  salaries, benefits, bonuses, withholding taxes, payroll taxes, contributions to savings, retirement or compensation plans or schemes, or fees (including but not limited to management, consulting or director's fees), dividends, distributions of profit, moneys lent and advanced by Borrower to an Owner, repayment by Borrower of moneys lent and advanced by an Owner to Borrower or the payment of interest or any other fee or amount related to such loan, amounts paid to an Owner in consideration of any membership, partnership, shareholding or other equity interest of any kind of such Owner in Borrower, or in consideration of any asset sold, leased, or otherwise furnished to Borrower by an Owner, or in consideration of any return of capital, any amounts donated to Owner by Borrower, and includes the value of an equity interest, asset, suretyship, guarantee, obligation, or other right or undertaking, given in kind by Borrower to or on behalf of an Owner.

Subordination Agreement at 1.

56. Furthermore, the Subordination Agreement states, in part, the

following:

> Each owner unconditionally (1) acknowledges that this Subordination Agreement is a continuing and independently enforceable undertaking of payment, not of collection, by each Owner to Lender of the Owner Liability amount applicable to each such Owner at the time demand therefore is made hereunder....

Subordination Agreement at 2.

### *The Event of Default*

57.     Olympus provided the loan to East Brunswick in accordance with the aforementioned agreements.

58.     Beginning in June 2013, however, East Brunswick failed to make payments to Olympus, as a consequence of which, an outstanding amount is owed by East Brunswick to Olympus.

59.     Despite repeated demands, East Brunswick has failed and refused to make payments to Olympus.  *See* Exhibits C-G.

60.     East Brunswick's actions, as stated more thoroughly aforesaid, constitute a clear and material default of the Agreement, and, thereby, a clear and material default of the Note, Security Agreement, Subordination Agreement, and the individual Guarantees.

61.     Accordingly, Olympus is due and owing a principle amount in excess of $854,550.00 from each and every named Defendant together with all appropriate interest, service charges, late charges, reasonable costs, and reasonable attorneys' fees.

### <u>COUNT I – BREACH OF THE AGREEMENT</u>

### <u>OLYMPUS V. EAST BRUNSWICK IMAGING ASSOCIATES LLC</u>

62.     Olympus incorporates herein by reference the preceding averments as though the same were stated more fully herein at length.

63.     The Agreement constitutes a valid and binding contract.

64.     East Brunswick has breached the Agreement by failing to make payments when due.

65.     As a result thereof, Olympus has suffered damages in excess of $854,550.00, together with interest, costs, and reasonable attorneys' fees.

WHEREFORE, Plaintiff, Olympus America Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, East Brunswick Imaging Associates LLC, in an amount in excess of $854,550.00, plus interest, late charges, costs, and attorneys' fees and any other relief this Honorable Court deems just and reasonable.

## COUNT II – BREACH OF THE NOTE

## OLYMPUS V. EAST BRUNSWICK IMAGING ASSOCIATES LLC

66.     Olympus incorporates herein by reference the preceding averments as though the same were stated more fully herein at length.

67.     The Agreement and Note constitute valid and binding contracts.

68.     East Brunswick has breached the Agreement and Note by failing to make payments when due.

69.     As a result thereof, Olympus has suffered damages in excess of $854,550.00 together with interest, costs, and reasonable attorneys' fees.

WHEREFORE, Plaintiff, Olympus America Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, East Brunswick Imaging Associates, LLC, in an amount in excess of $854,550.00, plus interest, late charges, costs, and attorneys' fees and any other relief this Honorable Court deems just and reasonable.

## COUNT III – BREACH OF THE SECURITY AGREEMENT

## OLYMPUS V. EAST BRUNSWICK IMAGING ASSOCIATES LLC

70.     Olympus incorporates herein by reference the preceding averments as though the same were stated more fully herein at length.

71.     The Agreement and Security Agreement constitute valid and binding contracts.

72.     East Brunswick has breached the Agreement and Security Agreement by failing to make payments when due.

73.     As a result thereof, Olympus has suffered damages in excess of $854,550.00 together with interest, costs, and reasonable attorneys' fees.

WHEREFORE, Plaintiff, Olympus America Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, East Brunswick Imaging Associates LLC, in an amount in excess of $854,550.00, plus interest, late charges, costs, and attorneys' fees and any other relief this Honorable Court deems just and reasonable.

## COUNT IV – SPECIFIC PERFORMANCE

## OLYMPUS V. EAST BRUNSWICK IMAGING ASSOCIATES LLC

74.     Olympus incorporates herein by reference the preceding averments as though the same were stated more fully herein at length.

75.     East Brunswick has breached the Security Agreement by failing to make payments when due.

76.     Such failure constitutes an Event of Default per the Security Agreement.

77.     Section 4(j) of the Security Agreement reads as follows:

> Debtor [East Brunswick] shall promptly upon demand by Secured Party [Olympus] assemble the Collateral and make it available to Secured Party at the place or places to be designated by Secured Party.  The right of Secured Party to have the Collateral assembled and made available to it is of the essence of this Agreement and Secured Party may, at its election, enforce such right by an action for specific performance.

78.     Accordingly, Olympus demands without further notice or delay that East Brunswick immediately assembles and collects any and all Collateral, as that term is defined in the Security Agreement and the attached UCC Financing Statements, for inspection.

79.     No adequate remedy at law exists.

80.     The Collateral, as that term is defined in the Security Agreement and the attached UCC Financing Statements, is unique and specific to East Brunswick's business.

WHEREFORE, Plaintiff, Olympus America Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, East Brunswick Imaging Associates LLC, as follows:

A.     For the collection of the Collateral for review and inspection by Olympus:

B.     For all costs, including attorneys' fees; and

C.     For such other relief as this Honorable Court deems just and proper.

## <u>COUNT V – ACCOUNTING</u>

## <u>OLYMPUS V. EAST BRUNSWICK IMAGING ASSOCIATES LLC</u>

81.     Olympus incorporates herein by reference the preceding averments as though the same were stated more fully herein at length.

82.     Section 4(b) of the Security Agreement states in pertinent part:

> Secured Party shall have the right to review the books and records of Debtor pertaining to the Collateral and to copy them and to make excerpts therefrom, at such times upon reasonable notice and as often as Secured Party may reasonably request.

83.     East Brunswick accumulated contracts, accounting information, books and other records pertaining to the Collateral.

84.     Olympus demands that East Brunswick provide Olympus with the opportunity to inspect and copy the aforementioned records immediately.

85.     East Brunswick is required to render a full, complete and accurate accounting of the subject records and permit Olympus to inspect and copy the same.

WHEREFORE, Plaintiff, Olympus America Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, East Brunswick Imaging Associates LLC, as follows:

A.     For the immediate inspection and review of East Brunswick's books and records;

B.     For all costs, including attorneys' fees; and

C.     For such other relief as this Honorable Court deems just and proper.

## COUNT VI – CONVERSION

## OLYMPUS V. EAST BRUNSWICK IMAGING ASSOCIATES LLC

86.     Olympus incorporates herein by reference the preceding averments as though the same were stated more fully herein at length.

87.     Olympus has a security interest in the Collateral.

88.     Olympus has the immediate right to possess the Collateral.

89.     Notwithstanding demand, East Brunswick has failed to provide the Collateral to Olympus.

90.     It is unlawful for East Brunswick to retain possession of the Collateral.

91.     Olympus has been damaged by East Brunswick's retention of said

Collateral.

WHEREFORE, Plaintiff, Olympus America Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, East Brunswick Imaging Associates LLC, in an amount in excess of $854,550.00, plus interest, costs, punitive damages, and attorneys' fees and any other relief this Honorable Court deems just and reasonable.

### COUNT VII – UNJUST ENRICHMENT

### OLYMPUS V. EAST BRUNSWICK IMAGING ASSOCIATES LLC

92.     Olympus incorporates herein by reference the preceding averments as though the same were stated more fully herein at length.

93.     Pursuant to the Agreement, the Note, and the Security Agreement, East Brunswick agreed to make timely payments to Olympus in return for the loan.

94.     Despite receiving the benefits of the loan, East Brunswick has failed to pay Olympus in a timely manner and in accordance with the aforesaid agreements and notes.

95.     Olympus has conferred benefits upon East Brunswick as set forth above.

96.     East Brunswick has accepted and retained the aforesaid benefits.

97.     East Brunswick has been unjustly enriched at the expense of Olympus.

98.     It would be inequitable for East Brunswick to retain the aforesaid benefits.

99.     East Brunswick's retention of benefits is unreasonable.

WHEREFORE, Plaintiff, Olympus America Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, East Brunswick Imaging Associates LLC, in an amount in excess of $854,550.00, plus interest, costs, and attorneys' fees and any other relief this Honorable Court deems just and reasonable.

## COUNT VIII - REPLEVIN

## OLYMPUS V. EAST BRUNSWICK IMAGING ASSOCIATES LLC

100.    Olympus incorporates herein by reference the preceding averments as though the same were stated more fully herein at length.

101.    Olympus has a security interest in the Collateral as defined in the Security Agreement.

102.    Due to default, Olympus has the right to the immediate possession of the Collateral as that term is defined in Section 2 of the Security Agreement.

103.    East Brunswick has wrongfully and without Olympus' consent retained the Collateral.

104.    Despite demand, East Brunswick has refused to release the Collateral to Olympus.

105.    East Brunswick's wrongful retention of the Collateral has prevented Olympus from possessing the Collateral.

106.    The Collateral is located at 647 Route 18, East Brunswick, New Jersey 08816.

107.    The exact value of the Collateral is currently unknown but should be approximately Eight Hundred Fifty-four Thousand Five Hundred Fifty Dollars ($854,550.00).

WHEREFORE, Plaintiff, Olympus America Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, East Brunswick Imaging Associates LLC, as follows:

A.    For the recovery of the Collateral;

B      For costs of this action, including attorneys' fees; and

C.     For such other relief as this Honorable Court deems just and proper.

## COUNT IX – BREACH OF CONTRACT

### OLYMPUS V. ENDO/SURGICAL CENTER OF NORTH JERSEY, P.C.

108.   Olympus incorporates herein by reference the preceding averments as though the same were stated more fully herein at length.

109.   The Agreement, the Note, and the Security Agreement constitute valid and binding contracts.

110.   East Brunswick has breached all the aforementioned notes and agreements by failing to make payments when due.

111.   Olympus has suffered damages as a result of East Brunswick's breach.

112.   Endo/Surgical is personally liable for East Brunswick's indebtedness per the Endo/Surgical Guaranty.

WHEREFORE, Plaintiff, Olympus America Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, Endo/Surgical Center of North Jersey, P.C. in an amount in excess of $854,550.00, plus interest, attorneys' fees and costs.

## COUNT X – BREACH OF CONTRACT

### OLYMPUS V. MICHAEL ANGELO

113.   Olympus incorporates herein by reference the preceding averments as though the same were stated more fully herein at length.

114.   The Agreement, the Note, and the Security Agreement constitute valid and binding contracts.

115.    East Brunswick has breached all the aforementioned notes and agreements by failing to make payments when due.

116.    Olympus has suffered damages as a result of East Brunswick's breach.

117.    Angelo is personally liable for East Brunswick's indebtedness per the Angelo Guaranty.

WHEREFORE, Plaintiff, Olympus America Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, Michael Angelo in an amount in excess of $854,550.00, plus interest, attorneys' fees and costs.

## COUNT XI – BREACH OF CONTRACT

## OLYMPUS V. WILLIAM J. FOCAZIO, M.D.

118.    Olympus incorporates herein by reference the preceding averments as though the same were stated more fully herein at length.

119.    The Agreement, the Note, and the Security Agreement constitute valid and binding contracts.

120.    East Brunswick has breached all the aforementioned notes and agreements by failing to make payments when due.

121.    Olympus has suffered damages as a result of East Brunswick's breach.

122.    Focazio is personally liable for East Brunswick's indebtedness per the Focazio Guaranty.

WHEREFORE, Plaintiff, Olympus America Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, William J. Focazio, M.D. in an amount in excess of $854,550.00, plus interest, attorneys' fees and costs.

## COUNT XII – ACCOUNTING

## OLYMPUS V.  EAST BRUNSWICK IMAGING ASSOCIATES LLC, WILLIAM J. FOCAZIO, MD AND MICHAEL ANGELO

123.    Olympus incorporates herein by reference the preceding averments as though the same were stated more fully herein at length.

124.    The Subordination Agreement states in pertinent part:

> Borrower and Each Owner severally agree to furnish Lender, within five (5) business days of Lender's written request, with a full accounting and disclosure of Distributions made from time to time by Borrower to each Owner with effect from commencement date of the Loan, supported by such financial statement, accounting records, bank statements other information as may reasonably be required by Lender to verify the aggregate amount of Distributions made to each Owner.

125.    East Brunswick and each of the Defendants, or "Owners",  identified in this Count accumulated contracts, accounting information, books and other records pertaining to Distributions as defined in the Subordination Agreement.

126.    Despite the above requirement, East Brunswick, Focazio and Angelo have failed and refused to provide Olympus with the opportunity to inspect and copy the aforementioned records.

127.    East Brunswick, Focazio and Angelo are required to render a full, complete and accurate accounting of the subject records and permit Olympus to inspect and copy the same.

128.    Olympus demands inspection of the aforementioned documents.

WHEREFORE, Plaintiff, Olympus America Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, East Brunswick Imaging Associates, LLC, William J. Focazio, M.D., and Michael Angelo, as follows:

A.      For the immediate inspection and review of all books and records pertaining to Distributions, as that term is defined in the Subordination Agreement, made to Focacio and Angelo;

B.      For all costs, including attorneys' fees; and

C.      For such other relief as this Honorable Court deems just and proper.

## COUNT XIII – BREACH OF CONTRACT

### OLYMPUS V.  EAST BRUNSWICK IMAGING ASSOCIATES LLC, WILLIAM J. FOCAZIO, MD AND MICHAEL ANGELO

129.    Olympus incorporates herein by reference the preceding averments as though the same were stated more fully herein at length.

130.    The Agreement, the Note, and the Security Agreement constitute valid and binding contracts.

131.    East Brunswick has breached all the aforementioned notes and agreements by failing to make payments when due.

132.    Therefore, amounts by East Brunswick are overdue and unpaid to Olympus, which is an Event of Default under the Subordination Agreement.  *See* Exhibit M.

133.    Olympus has suffered damages as a result of East Brunswick's breach.

134.    In accordance with the Subordination Agreement, each of the Defendants named in this Count, therefore, must immediately pay Olympus any and all Distributions, as defined in the Subordination Agreement, received from East Brunswick within the last twelve (12) months of the date of an Event of Default, which was on or about June 1, 2013.  *See* Exhibit M.

135.    Despite demand, each of the Defendants named in this Count have failed to pay the aforesaid amounts to Olympus.

WHEREFORE, Plaintiff, Olympus America Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, East Brunswick Imaging Associates LLC, William J. Focazio, M.D., and Michael Angelo in an amount in excess of $854,550.00, plus interest, attorneys' fees and costs.

**NORRIS MCLAUGHLIN & MARCUS, P.A.**

Date:___11/8/13_____            By:_____*SEH6786*_____
                                    Steven E. Hoffman, Esquire
                                    Attorney I.D. No. 63911
                                    Saleem Mawji, Esquire
                                    Attorney I.D. No. 200125
                                    1611 Pond Road, Suite 300
                                    Allentown, PA  18104-2221
                                    Email:  shoffman@nmmlaw.com
                                    Ph# 610-391-1800 Fax# 610-391-1805
                                    *Attorneys for Plaintiff*